# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6282 | **DATE** | 7/11/2013 |
| **CASE TITLE** | Brinkley vs. Santiago | | |

**DOCKET ENTRY TEXT**

See Statement section for rulings on motions *in limine*.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

**I.    Plaintiff's Motions *in Limine***

**1)    To Bar All Witnesses from the Courtroom [Granted]**

Granted as agreed.

**2)    To Bar Any Reference to Prior Arrests and/or Convictions of Plaintiff and His Potential Witnesses [Granted in part]**

    **A.    Brinkley's Prior Convictions**

Brinkley has the following prior convictions:

- 12/4/2009: Drinking on the public way resulting in Brinkley serving one day in jail.

- 8/23/2009: Aggravated DUI - driving on a suspended license resulting in two years of probation.

- 8/24/2009[1]: Driving on a suspended license resulting in 14 days in jail.

- 8/24/2006: Driving under the influence resulting in 18 months supervision.

- 8/3/2006: Unlawful use of a weapon and possession of a controlled substance resulting in probation.

| STATEMENT |
|---|

- 8/03/2006: Possession of a controlled substance resulting in two years probation and six months of home confinement.

- 6/13/2003: Theft of services resulting in two days in jail with time served.

- 7/18/2002: Drinking on the public way resulting in two days in jail with time served.

- 7/6/1999: Possession of a controlled substance.

### i)  The August 3, 2006 Conviction for Unlawful Use of a Weapon

Brinkley argues that his August 3, 2006 conviction for unlawful use of a weapon should be barred under Federal Rules of Evidence 403, 404(b) and 609.

Brinkley argues that admission of this prior conviction amounts to improper propensity evidence because the police allegedly found a firearm when arresting him in connection with the instant case. Rule 404(b)(1) prohibits the use "of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). In addition, while Rule 609 allows for impeachment with a prior conviction less than ten years old, admission of the evidence is subject to Rule 403 that excludes evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 609(a); 403. In determining whether probative value of admitting a witness's prior conviction outweighs its prejudicial effect, courts consider (1) the impeachment value of the prior crimes, (2) the point in time of the convictions and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. *United States* v. *Gant*, 396 F.3d 906, 909 (7th Cir. 2005).

Here, the similarity between the past crime and the allegation that Brinkley possessed a firearm before he was arrested warrants exclusion of the prior conviction. Although Brinkley's credibility as the plaintiff will be an important issue, the danger of unfair prejudice associated with this conviction outweighs its probative value. In addition, the defense has not articulated how this conviction meets any exception in Rule 404(b)(2). Accordingly, the defense is barred from disclosing Brinkley's prior conviction for unlawful use of a weapon.

### ii)  Other Convictions within 10 Years

Brinkley has been convicted of numerous other offenses within the past 10 years, although neither side indicates which of these were felony convictions. Three of the convictions–August 23, 2009 aggravated DUI, August 24, 2006 DUI, and August 3, 2006 possession of marijuana–appear to be under this umbrella. Although Rule 609 recognizes that any felony convictions are probative of a witness's credibility, a conviction for a minor drug offense is less probative of credibility than one involving perjury or fraud. *Brandon* v. *Vill. of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001). All of the apparent felony convictions relate to use of alcohol or marijuana, which have little known bearing on truthfulness but do raise the danger of unfair prejudice in the jury because of distaste for substance abusers. *See* Fed. R. Evid. 403; 609(a)(1); *United States* v. *Galati*, 230 F.3d 254, 262 (7th Cir. 2000) ("[E]vidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony."); *Schmidt* v. *Klinman*, No. 05 C 2134, 2005 WL 6939158, at *2 (N.D. Ill. Dec. 2, 2005) (barring prior convictions of

driving under the influence as irrelevant). In light of the small probative value of the convictions and the danger of unfair prejudice, the court excludes these convictions from evidence.

### iii) Crimes Involving Dishonesty

Brinkley was convicted on June 13, 2003 with theft of services, which defendants argue is a crime of dishonesty. Rule 609(a)(2) requires the admission of criminal convictions, including misdemeanors, for which "it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). The Advisory Committee Notes explain that this rule is limited to "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretenses." *See Clarett* v. *Roberts*, 657 F.3d 664, 669 (7th Cir. 2011) (noting that "[t]his circuit generally does not count retail theft as a crime of dishonesty"). Defendants have not proffered facts demonstrating that establishing the elements of theft of service require proof or admission of a dishonest act or false statement by the witness. Moreover, courts in this circuit have concluded that conviction of theft of services is not admissible under Rule 609(a)(2). *See Harris* v. *Wal-Mart Stores, Inc.*, 630 F. Supp.2d 954 (C.D. Ill. 2009); *Jones* v. *Sheahan*, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *4 (N.D. Ill. July 14, 2003); *see also United States* v. *Washington*, 702 F.3d 886, 894–95 (6th Cir. 2012).

### iv) Convictions over 10 Years Old

The court will exclude prior felony convictions over ten years old. *See* Fed. R. Evid. 609.

### v) Arrests Not Resulting in Convictions

The defense has failed to articulate how any of Brinkley's prior arrests are admissible under Rule 404(b), nor have they explained how any prior arrests are relevant to Brinkley's claim for damages based on emotional distress. *See*, *e.g.*, *United States* v *Oros*, 578 F.3d 703, 708 (7th Cir. 2009) (the proponent of evidence has the burden to demonstrate admissibility).

## II. Other Witnesses' Convictions

Neither side has identified any prior convictions of Brinkley's proposed witnesses, Niesha Swansey and Albin Brewer. The proponent of the evidence having failed to lay factual foundation, the evidence is excluded.

## 3) To Bar Reference to Brinkley's Purchase of Cannabis Prior to His Arrest and Brinkley's Alleged Drug Use [Granted in Part]

Brinkley had purchased marijuana from his barber shortly before he was arrested by defendants and is willing to stipulate that he possessed marijuana after running from the defendants. Brinkley seeks to exclude the fact that he purchased the marijuana from his barber shortly before the incident and the means by which the marijuana was packaged. Defendants, however, argue that the way in which the marijuana was packaged is admissible because the officers saw Brinkley hold an apple-sized cannabis bag before approaching him, a fact which Brinkley contests, stating that the package was inside his sock during the encounter. Because this fact is disputed and pertains to whether the officers actions were reasonable in detaining Brinkley after he fled, the location and packaging of the cannabis are relevant facts and admissible. That Brinkley purchased the marijuana shortly before the incident from his barber, however, is irrelevant and prejudicial and thus

inadmissible.

Brinkley also seeks to exclude his prior drug use as it is unduly prejudicial. Brinkley's use of drugs will only be admissible to the extent that he was under the influence of drugs during the time of the encounter, a fact that could have affected his perception of events during the incident. *See United States* v. *Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) ("Evidence of a witness's prior drug use may be admitted insofar as it relates to his possible inability to recollect and relate. There is, however, considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness's testimony. Thus, as the district court noted, cross examination on the issue of drug use may be refused where memory or mental capacity is not legitimately at issue and the evidence is offered solely as a general character attack."). Instances of drug use more than 8 hours before the incident is unduly prejudicial and thus inadmissible. *See Galati*, 230 F.3d at 262.

**4)** **To Bar Reference to Area of Brinkley's Arrest as a High Crime Area [Granted]**

Granted. That the incident occurred in a "high crime area" is irrelevant to any fact at issue.

**5)** **To Bar Reference to Street Gangs [Granted]**

Brinkley was formerly a member of a street gang until approximately 1993. Evidence regarding Brinkley's street gang membership from approximately 20 years ago is not relevant as there is no indication that defendants possessed this information when arresting Brinkley. *See Taylor* v. *City of Chicago*, No. 09 C 5092, 2012 WL 3686642, at *2 (N.D. Ill. Aug. 24, 2012). This evidence is thus excluded.

**6)** **To Bar References to Nicknames and Aliases [Granted]**

Brinkley has gone by the following aliases: O; Ohesha Norris; Martel Norris; and Tony E. Smith. In addition, Ohesha Norris is Brinkley's legal name. This motion is granted.

**7)** **To Bar Testimony Regarding Defendants' Commendations, Awards, Lack of Citizen Complaints and Related Topics [Granted]**

The motion is granted. This evidence is not relevant and would amount to improper propensity evidence if allowed. *See* Fed. R. Evid. 404(a).

**8)** **To Bar Evidence Regarding Defendants' Inability to Pay Punitive Damages [Granted in Part]**

The motion is granted in part. If defendants introduce evidence of their lack of financial means to pay damages, Brinkley will be allowed to present evidence regarding indemnification by the City of Chicago for compensatory damages.

**9)** **To Allow Brinkley to Treat Defendants and All Other City of Chicago Employees or Police Officers as Adverse Witnesses [Granted]**

Granted.

**10)** **To Bar Evidence Regarding Any Other Legal Actions [Granted]**

Granted as agreed.

**11)** **To Bar the Term "Secreting" by Defendants and Defendants' Witnesses [Denied]**

Brinkley seeks to bar defendants from referring to the term "secreting," used by police officers as a term to denote the hiding or concealing of an object. Indeed, the term "secreting" was used in Brinkley's arrest report. Brinkley denies that he ever possessed a firearm before he was arrested and that defendants planted the firearm on him. Brinkley argues that this term conveys images of violent, criminal activity and deviant behavior and that defendants could instead use another less inflammatory word. Secreting is defined rather innocuously as placing out of site or hiding. That the term was used in the arrest report is further reason to allow defendants to refer to the term. Accordingly, Brinkley's motion is denied.

**12)** **To Bar Use of Certain Testimony Given by Plaintiff at His Deposition [Denied]**

Brinkley moves to bar a portion of his deposition testimony where he stated, "This is kind of emotional and touchy for me with this case here, because a lot of time, but never — all this time, this never happened to me, about no gun, or police put — you know, the majority of this stuff is true." In response to the next question, Brinkley testified that he was never in possession of a gun during his arrest. If defendant attempts to impeach Brinkley with this testimony, he may refer to the subsequent testimony for rehabilitation. *E.g.*, Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part- -or any other writing or recorded statement- -that in fairness ought to be considered at the same time."). Accordingly, this motion is denied.

**13)** **To Bar Reference to Brinkley's Employment History [Granted]**

Brinkley was employed at a nursing home from 1996 to 1999 and he was subsequently fired for arriving late to work. Defendants argue that this termination is relevant to Brinkley's credibility and his damages request for lost wages. That the termination occurred approximately 14 years ago has little bearing on Brinkley's credibility or his claim for lost wages. The motion is thus granted.

**14)** **To Bar Evidence Regarding Brinkley's Past Injuries [Granted]**

Granted as agreed.

**II.** **Defendants' Motions *in Limine***

**1)** **To Bar Testimony, Evidence, or Argument Regarding a "Code of Silence," "Blue Wall," or that Chicago Police Officers Cover Up for Other Officers, or Fail to Intervene in the Misconduct of Other Officers [Granted in Part]**

Defendants seek to bar evidence of testimony, evidence, or argument regarding a "code of silence" or "blue wall" to protect their fellow officers. This motion is granted to the extent that it would bar evidence regarding a general "code of silence" or "blue wall" among police officers. Brinkley may, however, submit evidence and argue that defendants' common group membership is probative of bias, just as any witness' membership in a common group may be probative of bias. *See United States* v. *Abel*, 469 U.S. 45, 52, 105 S. Ct. 465, 83 L. Ed. 2d 450 (1984) ("A witness' and party's common membership in an organization, even without proof that the witness or party has personally adopted its tenets, is certainly probative of bias.").

**STATEMENT**

**2)** **To Bar Testimony, Evidence, or Argument of Controversial, Unconstitutional, Illegal, or Questionable Conduct by Officers Who Are Not Party to This Case [Granted]**

This motion is granted to the extent that it would bar evidence, argument, or comments concerning allegations of police misconduct in the media that do not involve the defendant officers.

**3)** **To Bar Reference to Any Violation of Police Department Rules, Policies, Regulations and General Orders [Reserved]**

Defendants seek to exclude Brinkley from referencing any violation of police department rules, policies, regulations and general orders. The Seventh Circuit has held that evidence regarding the existence or violation of police department standards, rules, regulations, and directives is "immaterial in . . . proceedings before the district court [under § 1983] and . . . properly excluded." *Thompson* v. *City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006). Evidence regarding training materials and general orders, however, may be relevant for purposes of deciding punitive damages subject to Rule 403's balancing test. *See Scott* v. *City of Chicago*, No. 07 C 3684, 2010 WL 3034188, at *1–2 (N.D. Ill. July 27, 2010); *Delgado* v. *Mak*, No. 06 C 3757, 2008 WL 4367458, at *8 (N.D. Ill. Mar. 31, 2008); *Via* v. *Langrand*, No. 03 C 3278, 2007 WL 495287, at *6 (N.D. Ill. Feb. 12, 2007). In addition, defendants have included on their exhibit list the Chicago Police Department's use of force regulation and have argued that their conduct was proper in the course of their employment and in compliance with the policies of the Chicago Police Department. If defendants wish to rely on this material, Brinkley will not be precluded from referencing other rules, policies, regulations or general orders to show that defendants failed to follow protocol. Counsel will alert the court before introducing evidence that are conditionally admissible.

**4)** **To Bar Any Argument that the Jury Should Send the City A Message with Its Verdict, or that the Jury Should Punish the City with Its Verdict [Granted]**

Granted. If defendants, however, offer evidence that the individual officers are personally responsible for an award of damages or that they may face financial hardship or impoverishment as a result of an adverse verdict in this case, "fairness would require that the jury be informed of the true situation (indemnification) as to compensatory damages." *Galvin* v. *Norberg*, No. 04 C 4003, 2006 WL 1343680, at *2 (N.D. Ill. May 10, 2006); *see also Lawson* v. *Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (courts generally exclude evidence of indemnification "out of a fear that it will encourage a jury to inflate its damages award because it knows the government-not the individual defendants-is footing the bill," but where defendants open the door by discussing their financial situations, the plaintiff should be allowed to introduce the indemnification statute).

**5)** **To Bar Any Testimony, Evidence, Argument, or Innuendo that Any Non-Defendant Police Officers Engaged in Misconduct [Denied]**

Defendants argue that Brinkley did not allege a conspiracy claim making this evidence irrelevant. This argument is mistaken in that Brinkley brought a conspiracy claim under § 1983 alleging that "the named Defendants together with any unused co-conspirators" committed the acts substantiating her allegations. The motion is denied.

**6)** **To Bar Any Evidence or Suggestion that the City Improperly Trains, Disciplines or Investigates Misconduct of Officers or Has Improper Policies and Procedures [Granted]**

**STATEMENT**

Granted as agreed. If defendants offer evidence regarding their individual compliance with regard to their training, Brinkley can rely on evidence showing that defendants failed to follow the protocol detailed in their training.

**7)** **To Bar Testimony, Argument, or Innuendo of Racial Motivation [Granted]**

Granted as agreed.

**8)** **To Bar Testimony, Evidence, and Argument Regarding Other Civil Lawsuits And/Or the Disciplinary Histories of Defendants And Any Other Police Personnel Who May Testify [Reserved]**

Defendants seek to exclude evidence regarding other civil lawsuits and/or disciplinary histories of defendants and any other police personnel who may testify. Defendants argue that this material is irrelevant and improper propensity evidence under Rules 403 and 404(b). Brinkley concedes that there is not extensive evidence of prior misconduct but seeks to elicit such evidence at trial. Brinkley has not demonstrated the admissibility of the evidence and it is, therefore, excluded.

**9)** **To Bar Testimony, Evidence, or Argument Suggesting that the Defendants May Be Indemnified by the City of Chicago for Any Compensatory Damages Returned Against Them [Granted in Part]**

The motion is granted in part. If defendants introduce evidence of their inability to pay punitive damages, Brinkley will be allowed to present evidence regarding indemnification by the City of Chicago for compensatory damages.

**10)** **To Bar Evidence, Testimony, Argument or Innuendo that the Underlying Arrest Was Improper [Denied]**

Defendants argue that Brinkley's claim is premised on excessive force and that evidence regarding whether the underlying arrest was proper is irrelevant. Brinkley, however, has also alleged a claim for malicious prosecution arguing that defendants improperly planted a firearm on him during the arrest to justify their use of force. Defendants' blanket request to exclude the arrest as improper is thus denied.

**11)** **To Bar Any Reference to the Disposition of the Criminal Charges Filed Against Brinkley [Denied]**

Defendants argue that evidence regarding the disposition of the underlying state charges against Brinkley are irrelevant. This argument, however, does not account for Brinkley's malicious prosecution claim, an element of which requires Brinkley to show that the underlying charges were terminated in his favor. *See Holland* v. *City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011).

**12)** **To Bar Evidence of the IPRA Investigation and the Nature and Quality of this Investigation [Granted]**

Granted as agreed.

**STATEMENT**

**13)** **To Bar Any Implication or Testimony that Chicago Police Department Personnel Are Being Paid by the City of Chicago to Appear in Court and Testify [Granted]**

Granted as agreed.

**14)** **To Bar from the Courtroom During the Introduction of Evidence and Testimony All Those Persons Plaintiff Intends, Expects, or Considers Calling as Witnesses [Granted]**

Granted as agreed.

**15)** **To Bar Any Excessive and Undue Emotional Outbursts By All Witnesses During Their Testimony [Granted]**

Granted as agreed.

**16)** **To Bar Mention During Jury Selection or Argument During Voir Dire, Opening Statement or Closing Argument that Seeks to Condition the Jury to Award A Specific Amount of Money, Seeks to Probe the Amount of Money a Juror Would Be Likely to Award As Well As Any Comment in which Jurors Are Asked to Consider How Much Money They Would Accept in Exchange for An Experience Akin to that Alleged by Brinkley [Granted in part]**

As the court will conduct the voir dire, the motion is largely moot. *See, e.g.*, *Morrow* v. *City of Chicago*, No. 09 C 2056, 2011 WL 494577, at *2 (N.D. Ill. Feb. 7, 2011). Counsel may not, while addressing the jury, ask the jury to consider how much money they would accept in exchange for an experience akin to that alleged by Brinkley.

**17)** **To Bar Testimony from Any Lay Witnesses As to Who Was at Fault for This Incident [Granted in Part]**

Brinkley does not object to the extent that this motion solely seeks to bar lay testimony regarding medical or legal issues. The motion is thus granted to that extent agreed by Brinkley.

**18)** **To Bar Any Comment in Plaintiff's Opening Statement or Closing Argument that a Witness Was Not Allowed to Testify Due to a Technical Objection to that Witness by the Defense [Reserved]**

In the pretrial order, Brinkley listed three individuals who he may call to which defendants objected because Brinkley never provided their addresses nor did he produce this individual. Witnesses who have not been disclosed in discovery may not testify in a party's case-in-chief and no mention of them may be made to the jury.

**19)** **To Bar Plaintiff from Referring to or Call Any Undisclosed Witnesses or Exhibits or Present Any Undisclosed Opinions of Any Kind Which Were Not Previously Disclosed During the Discovery of This Matter or in Plaintiff's Federal Rules of Civil Procedure 26(A)(1) Disclosures [Granted]**

Granted.

**STATEMENT**

**20)** **To Bar Any Mention that Defense Lawyers Work for the City of Chicago or the City of Chicago As A Defendant [Granted]**

Brinkley should not refer to defense counsel as "corporation counsel" or "city lawyers" and may instead refer to them as "defense counsel." *See Bruce* v. *City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *4 (N.D. Ill. July 29, 2011).

**21)** **To Bar Any Mention How the City of Chicago Trains, Disciplines, Monitors or Controls Police Officers Absent a *Monell* Claim [Granted]**

This motion is granted, but Brinkley may still inquire about the training that defendants received if they rely on police protocol, procedures, or other orders.

**22)** **To Bar Reference to Lost Income of the Plaintiff [Denied]**

Defendants argue that Brinkley failed to submit or disclose records supporting lost income as a form of damages and these types of damages are not attributable to defendants. Brinkley, however, disclosed to defendants the name of his employer. Defendants also questioned Brinkley during his deposition regarding this matter. The absence of documentation goes to the weight, not the admissibility, of the evidence. This motion is denied.

**23)** **To Bar Plaintiff and His Counsels from Referring to Newspaper/Media Reports on Tasing Incidents by Chicago Police Officers [Granted]**

Brinkley contends that he does not intend to introduce evidence of news accounts regarding tasking incidents committed by police officers in the Chicago area but seeks to rely on them to substantiate his psychological injuries and to examine witnesses about the role these reports played in their reactions to this incident. Brinkley does not articulate when or how he was aware of these reports before the incident or how they could be relevant to his claims. Accordingly, this motion is granted.

**24)** **To Bar Brinkley from Showing Any Chicago Police Department Training Material of Any Kind [Reserved]**

Brinkley seeks to admit evidence, including through the testimony of Chicago Police Officer George Cancel, that police officers receive training including information and demonstrations about the effects of a taser. If defendants rely on training or police protocol in connection with justifying their actions during Brinkley's arrest, Brinkley may inquire into their training regarding the use of tasers.

**25)** **To Bar Testimony or Argument about Defendant Police Officers' Never Having Been Tased [Granted]**

Brinkley contends that whether defendants were ever subjected to being struck by a taser gun is relevant to the question of their use of force in this incident. Whether or not defendants have been subject to the effects of a taser is not relevant to the disputed issue regarding whether their use of force in arresting Brinkley was excessive. Accordingly, this motion is granted.

**26)** **To Bar Testimony, Evidence, or Argument of a Conspiracy Between Defendants [Denied]**

| STATEMENT |
|---|

    Defendants argue that Brinkley cannot maintain a conspiracy claim because he has not alleged injuries beyond the underlying claims and has not named any additional defendants not covered by these claims. Defendants' motion *in limine* is an improper attempt to raise an issue that was amenable to summary judgment, which defendants failed to timely file. *See Sys. Dev. Integration, LLC* v. *Computer Sciences Corp.*, No. 09 C 4008, 2012 WL 2953063, at *6 (N.D. Ill. July 19, 2012) (plaintiff could not bootstrap what was essentially a motion for summary judgment to its motions *in limine*); 21 Fed. Prac. & Proc. Evid. § 5037.18 (2d ed. 2013) (motions *in limine* are not substitutes for motions for summary judgment). The motion is thus denied without prejudice to renewal in a motion for judgment as a matter of law at the close of plaintiff's evidence.

**27)** **To Bar Any Treating Physicians, Health Care Personnel, Treaters from Testifying, or in the Alternative to Bar these Doctors from Alluding to Any Opinions, Giving Any Opinions, Undisclosed Diagnosis, Medical Conditions, Etc. [Granted]**

    This motion is granted. Brinkley's treating physicians may not offer expert testimony regarding the cause of his injuries, his medical condition, or his prognosis. *See Musser* v. *Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (holding that treating physicians must be designated as experts if they are to provide expert testimony, such as the duty of care in a medical malpractice case). The treating physicians may, however, provide lay testimony regarding their personal observation of his injuries and his treatment. *See* Fed. R. Evid. 701; *Krischel* v. *Hennessy*, 533 F. Supp. 2d 790, 795 (N.D. Ill. 2008) ("A treating physician who testifies about his observation, diagnosis and treatment of a patient is testifying about what he saw and why he did it, even though the physician's treatment and his testimony about the treatment are based on his specialized knowledge and training.").

---

    1. The August 23, 2009 Aggravated DUI conviction and the August 24, 2009 driving on a suspended license conviction appear to stem from the same event, although Brinkley does not specifically indicate this to be so.